United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Fabio Simon Younes Arboleda,<br>Defendant. | )<br>)<br>)<br>)   Criminal Case No. 91-00180-CR-Scola<br>)<br>)<br>) |

## Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Fabio Simon Younes Arboleda's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 78.) After careful consideration of the motion, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence. (**Mot., ECF No. 78**.)

### 1. Background

Mr. Younes and his co-defendant were indicted by a grand jury on March 12, 1991, for possession with intent to distribute cocaine (count one), importing cocaine into the United States (count two), and conspiracy to import cocaine into the United States (count three). (ECF No. 1.) Mr. Younes pleaded not guilty. (ECF No. 2.) On March 8, 1991, he was released on bond. (PSI, ECF No. 57.)

A jury was impaneled on April 29, 1991, (ECF No. 19) and trial began on April 30, 1991. (ECF No. 22.) On May 6, 1991, the jury reached a verdict, but Mr. Younes failed to appear for trial. (ECF No. 44.) The jury found him guilty on all counts. (ECF No. 32; 44.) After months of failing to surrender, Mr. Younes was designated as a fugitive. (ECF No. 40.)

Decades later, in 2018, he and three other co-defendants were indicted in the Southern District of New York for conspiracy to import cocaine from Colombia into the United States (count one), attempt to manufacture and distribute cocaine with the intent to import it into the United States (count two), and attempt to import cocaine into the United States (count three). *USA v. Hernandez-Solarte, et al.*, No. 18-CR-00262. He was arrested in Colombia on April 9, 2018, where he remained incarcerated until his extradition to the United States on November 17, 2020. (PSI, ECF No. 57.)

On August 4, 2023, he was arrested by the United States Marshal Service in Miami, Florida. (*Id.*) The Court sentenced Mr. Younes to 120 months of imprisonment as to each count to be served concurrently, followed by four years

of supervised release. (J. 2-3, ECF No. 70.) Mr. Younes appealed his sentence to the Eleventh Circuit. (ECF No. 71.)

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Mr. Younes invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

As a threshold matter, Mr. Younes is not a zero-point offender. He received three criminal history points for his 2018 federal conviction in the Southern District of New York. (PSI, ECF No. 57.) Mr. Younes has objected to the three criminal history points based on the fact that his indictment in New York occurred after the conviction in the present case. (ECF No. 64.)

However, even if Mr. Younes was a zero-point offender, the Court would not grant him a sentence reduction upon consideration of the 18 U.S.C. § 3553(a) factors. A court must consider the § 3553(a) factors, but it need not explicitly articulate that it has considered the § 3553(a) factors or discuss each factor. *United States v. Paulino*, 805 F. App'x 942, 946 (11th Cir. 2020) (cleaned up).

Mr. Younes's 120-month sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Back in 1991, while on bond, he failed to comply with his conditions of release. (PSI, ECF No. 57.) He never appeared for the last day of his trial and

subsequently fled to Colombia, where he remained free until 2018. (*Id.*) Mr. Younes laments his age and deteriorating health. (ECF No. 78.) But had he not fled in 1991, he would have already finished serving a sentence for the convictions in this case. Moreover, Mr. Younes has never accepted responsibility for his actions; nor has he shown remorse—for the underlying crime or for fleeing. Accordingly, 120 months of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

### 4. Conclusion

Based on the foregoing, it is hereby **ordered and adjudged** that Mr. Younes's motion for reduction of sentence is **denied**. (**Mot., ECF No. 78**.)

**Done and ordered** at Miami, Florida on March 5, 2024.

_____
Robert N. Scola, Jr.
United States District Judge